## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT JACOBSEN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HARTFORD INS. CO. FLOOD & HOME, <br><br> *Defendant*. | Civil Action No.: 14-cv-03094 (PGS)(TJB) <br><br> **MEMORANDUM AND ORDER** |

This matter returns to the Court after the United States Court of Appeals for the Third Circuit vacated and remanded this Court's dismissal of Plaintiff Robert Jacobsen's[1] ("Plaintiff" or "Jacobsen") claims against Defendant Property and Casualty Insurance Company of Hartford-Property ("Defendant" or "Hartford-Property") for Mr. Jacobsen's failure to appear at trial. (*See* Opinion at 6-9, ECF No. 307-2). On remand, the Court was instructed to consider the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). (*Id.*). The Third Circuit noted: "[N]othing in our opinion prevents the District Court from again dismissing Jacobsen's claims if it concludes that dismissal is warranted under *Poulis*." (*Id.* at 8).

By way of background, this matter was set for trial on March 11, 2019. Mr. Jacobsen did not appear. As such, Hartford-Property made an oral application on the record for dismissal on the grounds that Mr. Jacobson failed to appear and prosecute. (March 11, 2019 Trial Transcript ("Tr.") at 3:19-6:4, ECF No. 309). After Hartford-Property set forth its reasons for dismissal, the Court reviewed and considered the *Poulis* factors. (*Id.* at 6:6-10:12). For the reasons set forth on

---

[1] Mr. Jacobsen advised the Court that his wife, Plaintiff Carol Jacobsen, passed away on May 3, 2019.

the record, the Court decided that the *Poulis* factors weighed in favor of dismissal. (*Id*.). Thus, the action was dismissed at that time.

Since I considered the *Poulis* factors, the Third Circuit's decision on appeal was a bit surprising. Evidently, the Third Circuit did not receive the transcript of the March 11, 2019 proceedings. There may have been several reasons as to why the Third Circuit did not receive the transcript, including that: (1) Mr. Jacobsen did not order and file the transcript with his appeal; and (2) Hartford-Property did not notice Mr. Jacobsen's failure to do so. (*See* Def. Br. at 2, ECF No. 311). In any event, the Third Circuit was not privy to my discussion of the *Poulis* factors, which served as my basis for dismissal of the action.

On remand, the Court entered on the docket an Order to Show Cause ordering the parties to address the issues of whether the Court can rely on its previous analysis of the *Poulis* factors, and whether this case should be dismissed based on that prior analysis. (ECF No. 308). The Court held oral argument on April 15, 2020. At that time, Mr. Jacobsen indicated that he desired to amend the complaint to assert: (1) class action allegations on behalf of all similarly situated homeowners; (2) allegations against a new defendant, the Federal Emergency Management Agency ("FEMA"); and (3) allegations of fraud against Hartford-Property and FEMA. For the reasons stated herein, this action is dismissed with prejudice and Mr. Jacobsen's application to amend the complaint is denied.

## I.

As a threshold matter, the Court adopts its rationale set forth on the record on March 11, 2019, (*see* Tr. at 6:6-10:12), and supplements that analysis by adopting Hartford-Property's analysis of the *Poulis* factors as set forth in its brief, (*see* Def. Br. at 12-17).[2] Since this matter

---

[2] As one exception, the Court does not adopt Hartford-Property's analysis of the *Poulis* factor concerning the meritoriousness of Jacobsen's claims. As observed by the Third Circuit, "the meritoriousness of

shall be dismissed with prejudice, Mr. Jacobsen's pending motions for settlement conferences, (*see* ECF Nos. 295, 297), are denied as moot.

## II.

With regard to Mr. Jacobsen's motion to amend the complaint, it is denied for several reasons, including: (1) that this case has been pending for nearly six years; (2) Mr. Jacobsen indicated that he wished to assert a new legal theory of fraud; and (3) Mr. Jacobsen indicated that he wished to assert class action allegations, which would necessarily lead to extensive discovery and motion practice. For these reasons, *inter alia*, permitting amendment would result in substantial prejudice to Hartford-Property, and, as such, the motion is denied. *See* Fed. R. Civ. P. 15(a); *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (citing *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

---

claims for *Poulis* purposes is decided on the pleadings, not under the summary judgment standard, and Hartford-Property has conceded that Jacobsen's claims have sufficient merit to warrant a trial under that standard . . ." (Opinion at 8, n.7). However, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (citation omitted). And for the reasons set forth on the record on March 11, 2019, a majority of the *Poulis* factors weigh in favor of dismissal. (Tr. at 6:6-10:12).

## <u>O<small>RDER</small></u>

**THIS MATTER** having come before the Court on its Order to Show Cause (ECF No. 308); and for the reasons set forth in the accompanying Memorandum; and for the reasons set forth on the record on March 11, 2019 and on April 15, 2020; and for the reasons submitted orally and in writing by Defendant Property and Casualty Insurance Company of Hartford-Property; and for good cause otherwise having been shown;

**IT IS** on this 5th day of May, 2020,

**ORDERED** that this matter is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiff's motions for settlement conferences (ECF Nos. 295, 297) are **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's oral application for leave to amend the complaint is **DENIED**; and it is further

**ORDERED** that the Clerk of Court is direct to close this file; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Memorandum and Order to Mr. Jacobsen.

s/<i>Peter G. Sheridan</i><br>
PETER G. SHERIDAN, U.S.D.J.